UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BERTHA PAYNE,

                      Plaintiff,

  -against-

41 GROCERY DELI & GRILL CORP.,

                      Defendant.
-----------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**

19-CV-843 (FB) (ST)

**TISCIONE, United States Magistrate Judge:**

On February 12, 2019, Plaintiff Bertha Payne filed a complaint against 41 Grocery Deli & Grill Corp. ("41 Grocery") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"). *See* Dkt. No. 1 (Complaint). Despite filing the Complaint, Payne has not taken any action in over eight months—she has not appeared for a court-ordered conference, filed proof of service, or responded to the Court's Order to Show Cause. *See* Dkt. No. 6. For this reason, the Court has no choice but to recommend, *sua sponte*, that the District Court DISMISS this case for a failure to prosecute.

    A. Background

In February 2019, Payne visited 41 Grocery in Brooklyn, New York. Compl. ¶ 4. Payne had her right leg amputated, so she uses a wheelchair to get around. *Id.* Payne alleges that 41 Grocery discriminated against her on the basis of her disability because the store has "architectural barriers" that prevent her full access and enjoyment of the property. *Id.* ¶ 14. Payne seeks compensatory damages under NYCHRL and the NYSHRL; she also seeks injunctive relief under the ADA. *Id.* ¶ 32, 33.

Neither the Plaintiff nor the Defendant appeared at the in-person conference that was scheduled for June 19, 2019. In the Minute Entry, the Court stated, "Since the complaint was filed, no proof of service has been filed, no answer has been filed and Plaintiff has made no effort to

obtain a default judgment or otherwise advance this case." Dkt. No. 6. Thus, the Court ordered Payne "to show cause by July 19, 2019 why this case should not be dismissed for failure to prosecute." *Id.* Payne did not file a response, nor has she filed *anything* in this matter since the filing of her complaint.

### B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345

F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, neither the plaintiff nor the defendant has appeared for the first initial conference, and the plaintiff has failed to respond to an order to show cause. The plaintiff also failed to file a proof of service. In this case, the delays are entirely attributable to the plaintiff, as there is no indication that the defendant has been served or otherwise is aware of the pending action against him.

Furthermore, the plaintiff has failed to show *any* interest in prosecuting the case because the plaintiff has not taken any action following the filing of a complaint. Although a complaint is a necessary precondition to judgment, it is not sufficient alone. Thus, following the filing of the complaint in February 2019, the plaintiff has not followed up by prosecuting the case in any way.

Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade v. United States*, 93 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months). Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute her case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

In this case, the plaintiff has failed to act following the filing of her February 2019

complaint. Thus, the delay in excess of eight months favors dismissal, especially given the fact that plaintiff has, like in *Lopez*, "failed to take *any* steps to prosecute this action . . . ."

Second, the plaintiff was given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As stated above, the plaintiff in this case was explicitly directed to show cause as to why the case should not be dismissed for failure to prosecute. Thus, the plaintiff was on notice, and, to date, has failed to file *anything* following the Court's Order to Show Cause dated June 24, 2019. *See* Dkt. No. 6 (imposing a deadline of July 19, 2019). Given the plaintiff's notice and ample time to respond, this Court finds that the second factor favors dismissal.

Third, the defendant will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "The probability of prejudice to a defendant that has not been served process for a particularly long period of time is high." *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) (citation omitted). Here, in light of the lacking evidence of service of process, along with the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the

4

plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. The plaintiff has shown no interest in litigating this case as she has essentially laid dormant for eight months and failed to move the case forward at all. *See id.* (dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition). Furthermore, the Court ordered the plaintiff to show cause, so the plaintiff has had an opportunity to litigate the issue of her failure to prosecute, and she has declined to do so. Accordingly, the fourth factor favors dismissal.

Finally, because the plaintiff has shown no interest in litigating her case, there is no efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default is such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, the plaintiff effectively disappeared, as she is no longer prosecuting the case or communicating with the court in any way. In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference"). The final factor favors dismissal.

### C. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal. I recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Counsel for Plaintiff is directed to immediately forward a copy of this R&R to the Defendant and file proof of service with this Court.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
December 2, 2019

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).